UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JOHN GALLEGOS,**<br><br>　　　　　**Plaintiff,**<br><br>　　v.<br><br>**MERCED IRRIGATION DISTRICT,**<br><br>　　　　　**Defendant.** | **1:16-cv-001015-LJO-MJS**<br><br>**ORDER TO SHOW CAUSE WHY THE COURT SHOULD NOT MODIFY THE JUDGMENT IN** *TRAN V. MERCED IRRIGATION DISTRICT***, 1:16-CV-249-LJO-SAB** |
| **CHAU B. TRAN,**<br><br>　　　　　**Plaintiff,**<br><br>　　v.<br><br>**MERCED IRRIGATION DISTRICT,**<br><br>　　　　　**Defendant.** | **1:16-CV-249-LJO-SAB** |

　　　　John Gallegos ("Gallegos"), a plaintiff in one of the above-captioned cases, was formerly employed by Merced Irrigation District, the sole Defendant in both cases, until his termination on October 6, 2014. After exhausting his administrative remedies with the Equal Employment Opportunity Commission ("EEOC") on December 17, 2015, and receiving a right-to-sue letter from the EEOC, Gallegos and another former employee of Defendant, Chau Tran ("Tran"), filed a lawsuit in this Court on February 22, 2016, as co-plaintiffs. *Tran v. Merced Irrigation Dist.*, 1:16-CV-249-LJO-SAB ("*Tran*"), Doc. 1. Their joint complaint alleged claims under Title VII of the Civil Rights Act of 1964 ("Title VII"). *Id*.

On April 29, 2016, Defendant moved to sever Gallegos' claims from Tran's, arguing that their claims did not arise out of the same transaction or occurrence and did not involve common questions of law or fact. *Tran*, Doc. 7-2. On May 27, 2016, this Court granted Defendants' motion to sever. *Tran*, Doc. 14. Gallegos' claims were "SEVER[ED] and DISMISSE[D]" from the *Tran* action, with the Court specifically noting "Gallegos is free to file a new, separate lawsuit." *Id*. at 11.

Six weeks later, on July 14, 2016, Gallegos initiated a separate lawsuit, *Gallegos v. Merced Irrigation Dist.*, 1:16-cv-001015-LJO-MJS ("*Gallegos*"). On September 26, 2016, Defendant moved to dismiss Gallegos' complaint on the ground that the statute of limitations expired prior to September 26, 2016. *Gallegos*, Doc. 6.

It is undisputed that the EEOC issued its right-to-sue notice to Gallegos on December 17, 2015.The *Tran* lawsuit was filed 66 days later, on February 22, 2016. Defendant argues that, even if it were appropriate to toll the statute of limitations during the pendency of Gallegos' claims in the *Tran* lawsuit, only 24 days would have remained within which Gallegos could file his suit after being dismissed from *Tran* on May 27, 2016. *See Gallegos* Doc. 6-2 at 4-5. Given that Gallegos waited approximately six weeks from that dismissal date to file his separate complaint on September 26, 2016, Defendant maintains that Gallegos' renewed Title VII claims are barred by the applicable 90-day statute of limitations. *See id*.; 42 U.S.C. § 2000e-5(f)(1).

Defendants' motion prompted the Court to review its own order in *Tran* in light of this newly raised statute of limitations issue. It is apparent from that review that the Court erred by not explicitly considering the potential prejudice due to a statute of limitations bar that might follow Gallegos' dismissal without prejudice. To begin, as the Seventh Circuit case relied upon by Defendants, *Elmore v. Henderson*, 227 F.3d 1009 (7th Cir. 2000), clearly indicates, it may constitute legal error for a district court to dismiss a misjoined claim (even without prejudice) if that dismissal would result in prejudice to the misjoined party by, for example, that dismissal causing expiration of the statute of limitations. *Id*. at 1012-13; *see also Rush v. Sport Chalet, Inc.*, 779 F.3d 973, 975 (9th Cir. 2015) ("[D]istrict courts who

dismiss rather than sever must conduct a prejudice analysis, including loss of otherwise timely claims if new suits are blocked by statutes of limitations.") (internal quotation marks omitted). In such a case, the "judge could and should have allowed [the misjoined] claim [ ] to continue as a separate suit so that it would not be time-barred." *Elmore*, 227 F.3d at 1012. In other words, such a claim should have been severed <u>without dismissal</u> under such circumstances. Courts within the Ninth Circuit have approved of this approach. *See Corley v. Google, Inc.*, 316 F.R.D. 277, 294 (N.D. Cal. 2016) (severing rather than dismissing plaintiffs who could be adversely impacted by statute of limitations); *Marti v. Padilla*, No. 1:07-CV-00066-JMR, 2010 WL 1267120, at *1 (E.D. Cal. Mar. 30, 2010) ("[D]ismissal of misjoined Defendants without prejudice would cause unfair prejudice to Plaintiff's substantial rights and produce a harsh result under the applicable statute of limitations . . . . [which] would in effect be the equivalent of dismissal with prejudice, as Plaintiff would be barred from refiling his claims under the applicable statute of limitations. This result would contradict Rule 21 which states that "[m]isjoinder of parties is not a ground for dismissing an action" and that a court may drop a party only on "just terms."). "[W]hen a court severs a claim against a party under Rule 21, the suit simply continues against the severed party in another guise." *Corley*, 316 F.R.D. at 293 (internal citations and quotations omitted). "The statute of limitations is held in abeyance, and the severed suit can proceed so long as it initially was filed within the limitations period." *Id*.

This approach was not considered in *Tran*, where the statute of limitations, although not raised by any party, was at issue. Contrary to Defendant's unsupported suggestion in its own motion, *Elmore* strongly suggests that the statute of limitations applicable to a misjoined claim is <u>not</u> tolled during the period between the filing of the misjoined claim and that claim's dismissal without prejudice. *See Elmore* 227 F.3d at 1012 (noting that while "the statute of limitations is tolled for class members until it is determined that the case cannot proceed as a class action," no such automatic tolling would be appropriate outside the class context); *see also Corley* F.R.D. at 293 (explaining that under most circumstances when a court "drops a party under Rule 21, that party is dismissed without prejudice" and

3

that "[w]hen that occurs, the statute of limitations is not tolled because we treat the initial complaint as if it never existed."). Therefore, the Court is of the opinion that it erred in *Tran* by dismissing Gallegos' claims without prejudice, rather than by simply severing the claims.

In this Circuit, a court may *sua sponte* reconsider its own prior judgment pursuant to Fed. R. Civ. P. 60(b), so long as it provides notice to the parties and an opportunity to be heard. *Kingvision Pay-Per-View Ltd. v. Lake Alice Bar*, 168 F.3d 347, 352 (9th Cir. 1999). Therefore, Defendant is ordered to show cause on or before November 11, 2016 why this Court should not modify its own order of dismissal in *Tran* such that that Gallegos's claims will not be dismissed but rather severed and transferred to a separate case, with the effective filing date of the original *Tran* Complaint. Plaintiffs shall have seven days from Defendant's filing to file optional responses.

IT IS SO ORDERED.

Dated: **November 2, 2016**          /s/ Lawrence J. O'Neill
                                      UNITED STATES CHIEF DISTRICT JUDGE