UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN GALLEGOS,<br><br>        Plaintiff,<br><br>        v.<br><br>MERCED IRRIGATION DISTRICT,<br><br>        Defendant. | 1:16-cv-001015-LJO-MJS<br><br>**ORDER DISCHARGING ORDER TO SHOW CAUSE; DECLINING TO MODIFY THE JUDGMENT IN *TRAN V. MERCED IRRIGATION DISTRICT*, 1:16-CV-249-LJO-SAB; AND GRANTING MOTION TO DISMISS IN *GALLEGOS V. MERCED IRRIGATION DISTRICT*, 1:16-cv-001015-LJO-MJS (DOC. 6).** |
| CHAU B. TRAN,<br><br>        Plaintiff,<br><br>       v.<br><br>MERCED IRRIGATION DISTRICT,<br><br>        Defendant. | 1:16-CV-00249-LJO-SAB |

## I. INTRODUCTION

John Gallegos ("Gallegos"), a plaintiff in one of the above-captioned cases, was formerly employed by Merced Irrigation District, the sole Defendant in both cases, until his termination on October 6, 2014. After exhausting his administrative remedies with the Equal Employment Opportunity Commission ("EEOC") and receiving a right-to-sue letter from the EEOC on December 17, 2015, Gallegos and another former employee of Defendant, Chau Tran ("Tran"), filed a lawsuit in this Court on February 22, 2016, as co-plaintiffs. *Tran v. Merced Irrigation Dist.*, 1:16-CV-249-LJO-SAB ("*Tran*"), Doc. 1. Their joint complaint alleged claims under Title VII of the Civil Rights Act of 1964 ("Title VII"). *Id*.

1     On April 29, 2016, Defendant moved to sever Gallegos' claims from Tran's, arguing that their claims did not arise out of the same transaction or occurrence and did not involve common questions of law or fact. *Tran*, Doc. 7-2. On May 27, 2016, this Court granted Defendant's motion to sever. *Tran*, Doc. 14 ("Dismissal Order"). Gallegos' claims were "SEVER[ED] and DISMISSE[D]" from the *Tran* action, with the Court specifically noting "Gallegos is free to file a new, separate lawsuit." *Id*. at 11.

    Six weeks later, on July 14, 2016, Gallegos initiated a separate lawsuit, *Gallegos v. Merced Irrigation Dist.*, 1:16-cv-001015-LJO-MJS ("*Gallegos*"). On September 26, 2016, Defendant moved to dismiss Gallegos' complaint on the ground that the statute of limitations expired prior to July 14, 2016. *Gallegos*, Doc. 6.

    It is undisputed that the EEOC issued its right-to-sue notice to Gallegos on December 17, 2015.The *Tran* lawsuit was filed 66 days later, on February 22, 2016. Defendant argues that, even if it were appropriate to toll the statute of limitations during the pendency of Gallegos' claims in the *Tran* lawsuit, only 24 days would have remained within which Gallegos could file his suit after being dismissed from *Tran* on May 27, 2016. *See Gallegos* Doc. 6-2 at 4-5. Given that Gallegos waited approximately six weeks from that dismissal date to file his separate complaint on September 26, 2016, Defendant maintains that Gallegos' renewed Title VII claims are barred by the applicable 90-day statute of limitations. *See id*.; 42 U.S.C. § 2000e-5(f)(1).

    Defendant's motion prompted the Court to review its own Dismissal Order in *Tran* in light of this newly raised statute of limitations issue. On November 2, 2016, this Court ordered Defendant to show cause why the Court should not *sua sponte* reconsider its own prior judgment in *Tran* pursuant to Fed. R. Civ. P. 60(b), such that that Gallegos's claims will not be dismissed but rather severed and transferred to a separate case, with the effective filing date of the original *Tran* Complaint. *See Gallegos* Doc. 16 ("OSC"). Defendant filed a response to the OSC on November 10, 2016. *Gallegos* Doc. 17. Plaintiffs' counsel filed identical replies on behalf of Gallegos and Tran on November 16, 2016. *Gallegos* Doc. 18.

2

## II. ANALYSIS

It is apparent from that review that the Court should have considered explicitly the potential prejudice due to a statute of limitations bar that might follow Gallegos' dismissal without prejudice. *Rush v. Sport Chalet, Inc.*, 779 F.3d 973, 975 (9th Cir. 2015) ("[D]istrict courts who dismiss rather than sever must conduct a prejudice analysis, including loss of otherwise timely claims if new suits are blocked by statutes of limitations.") (internal quotation marks omitted). If prejudice would occur, the "judge could and should have allowed [the misjoined] claim [ ] to continue as a separate suit so that it would not be time-barred." *Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000); *see also See Corley v. Google, Inc.*, 316 F.R.D. 277, 294 (N.D. Cal. 2016) (severing rather than dismissing plaintiffs who could be adversely impacted by statute of limitations); *Marti v. Padilla*, No. 1:07-CV-00066-JMR, 2010 WL 1267120, at *1 (E.D. Cal. Mar. 30, 2010) ("[D]ismissal of misjoined Defendants without prejudice would cause unfair prejudice to [p]laintiff's substantial rights and produce a harsh result under the applicable statute of limitations . . . . [which] would in effect be the equivalent of dismissal with prejudice, as [p]laintiff would be barred from refiling his claims under the applicable statute of limitations. This result would contradict Rule 21 which states that '[m]isjoinder of parties is not a ground for dismissing an action' and that a court may drop a party only on 'just terms.'"). "[W]hen a court severs a claim against a party under Rule 21, the suit simply continues against the severed party in another guise." *Corley*, 316 F.R.D. at 293 (internal citations and quotations omitted). "The statute of limitations is held in abeyance, and the severed suit can proceed so long as it initially was filed within the limitations period." *Id*. This approach was not considered in *Tran*.

Defendant continues to insist that "any prejudice resulting from the statute of limitations is the risk assumed by the parties who caused the misjoinder." *Gallegos* Doc. 17 at 2 (citing *Corley*, 216 F.R.D. at 293). While several district court decisions from this Circuit have included this language, most do not ultimately rely on that proposition. For example, while the district court in *Corley* relied upon two other cases, *Robinson v. Geithner*, 2011 WL 66158, *9 (E.D. Cal. Jan. 10, 2011), and *Funtanilla v.*

*Tristan*, 2010 WL 1267133, *6 (E.D. Cal. Mar. 30, 2010), for the "assumption of risk" proposition quoted above, *Corley* ultimately departed from that line of precedent, reasoning that "two considerations . . . weigh[ed] against dismissal," namely (1) "the instant action[] present[ed] several novel legal questions"; and (2) "although the Ninth Circuit ha[d] not squarely addressed the issue, other circuits [had] generally held that a district court should sever rather than dismiss parties when the statute of limitations comes into play." *Corley*, 316 F.R.D. at 293-94. Likewise, while the district court in *Robinson* acknowledged the "assumption of risk" caselaw, that court also acknowledged that it "must consider the reasonableness of dismissing" the misjoined plaintiffs' claims, including the practical impacts of dismissal. 2011 WL 66158 *9-*10.

In addition, while *Corley* is correct that there is no Ninth Circuit decision that directly addresses the narrow issue of whether a party assumes the risk of being impacted by the statute of limitations by filing misjoined claims, *see Corley*, 316 F.R.D. at 294, the Ninth Circuit's decision in *Rush v. Sport Chalet, Inc.*, 779 F.3d 973 (9th Cir. 2015), strongly suggests that dismissal is inappropriate where prejudice would result. *Rush* involved a Plaintiff with a disability who sued several retail establishments within a single shopping mall regarding physical barriers that impeded her access to their stores. *Id*. at 974. The district court *sua sponte* determined that the defendants were improperly joined under Rule 20(a)(2), and thus dismissed the claims against all but one of the defendants without prejudice pursuant to Rule 21. *Id*. Ninth Circuit determined that the district court abused its discretion in dismissing the complaint against the misjoined defendants without evaluating the prejudice to Plaintiff, including "loss of otherwise timely claims if new suits are blocked by statutes of limitations," expressly adopting the approaches taken by the Third Circuit in *DirecTV, Inc. v. Leto*, 467 F.3d 842, 846-47 (3d Cir. 2006), and Seventh Circuit in *Elmore*, 227 F.3d at 1011-13. *Rush* puts to bed Defendant's attempt to write off as a "surmise[]" based upon "dicta" from the Seventh Circuit's decision in *Elmore* this Court's concern that it should have performed a prejudice analysis *Tran*. *Rush* plainly held that the district court in that case "abused its discretion . . . by dismissing rather than severing [misjoined claims] without evaluating

4

prejudice to plaintiff," including prejudice arising from the "statute[] of limitations." *Rush*, 779 F.3d at 975.

As the OSC explained, in evaluating potential prejudice to Gallegos that would flow from dismissal rather than severance, the Court could not assume that the filing of the *Tran* lawsuit <u>automatically</u> tolled the statute of limitations applicable to Gallegos' later-dismissed claims:

> Elmore strongly suggests that the statute of limitations applicable to a misjoined claim is not tolled during the period between the filing of the misjoined claim and that claim's dismissal without prejudice. *See Elmore* 227 F.3d at 1012 (noting that while "the statute of limitations is tolled for class members until it is determined that the case cannot proceed as a class action," no such automatic tolling would be appropriate outside the class context); *see also Corley* [316] F.R.D. at 293 (explaining that under most circumstances when a court "drops a party under Rule 21, that party is dismissed without prejudice" and that "[w]hen that occurs, the statute of limitations is not tolled because we treat the initial complaint as if it never existed.").

OSC at 3-4. Defendant does not appear to dispute this, but does argue that the statute of limitations did not cause prejudice at the time Gallegos was dismissed from the *Tran* lawsuit because Title VII's 90-day statute of limitations is "subject to equitable tolling in appropriate circumstances." *Gallegos* Doc. 17 at 3.[1]

"Long-settled equitable-tolling principles instruct that generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Kwai Fun Wong v. Beebe*, 732 F.3d 1030, 1052 (9th Cir. 2013), aff'd and remanded sub nom. *United States v. Kwai Fun Wong*, 135 S. Ct. 1625 (2015)(internal quotations and citations omitted). Equitable tolling has been applied in Title VII cases "where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period." *See Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). For example, the Ninth Circuit has applied equitable tolling when a plaintiff timely filed a Title VII claim in

---

[1] Equitable tolling is a separate consideration from automatic tolling. *See, e.g., Gandy v. Pepsi-Cola & Nat. Brand Beverages, Ltd.*, No. CIV.A. 10-1932 JEI, 2012 WL 3821873, at *4 (D.N.J. Sept. 4, 2012) (acknowledging that automatic tolling does not apply to a complaint that is later dismissed without prejudice, but applying equitable tolling instead).

a state court lacking jurisdiction over those claims. *Valenzuela v. Kraft Inc.*, 801 F.2d 1170 (9th Cir. 1986) ("*Valenzuela II*"). "At the time Valenzuela filed her action in state court it was unclear whether federal courts had exclusive jurisdiction over Title VII claims." *Id*. at 1175. Acknowledging conflicting authority on the question, the Ninth Circuit later held that federal courts possess exclusive jurisdiction over Title VII claims. *Valenzuela v. Kraft, Inc.*, 739 F.2d 434, 435 & n. 1 (9th Cir. 1984) ("*Valenzuela I*"), abrogated by *Yellow Freight Sys., Inc. v. Donnelly*, 494 U.S. 820 (1990) (holding that federal and state courts possess concurrent jurisdiction over Title VII claims). When Valenzuela later re-filed her action in federal court, the Ninth Circuit applied equitable tolling, reasoning that she "should not be denied a chance to present her case because she chose the wrong line of precedent." *Valenzuela II*, 801 F.2d at 1175; *see also Clymore v. United States*, 217 F.3d 370, 375-76 (5th Cir. 2000) (applying equitable tolling to second lawsuit where plaintiff timely filed first action in the wrong venue and promptly re-filed it in the correct venue after the statute of limitations had run); *In re Randall's Island Family Golf Centers, Inc.*, 288 B.R. 701, 705 (Bankr. S.D.N.Y.), adhered to on reargument, 290 B.R. 55 (Bankr. S.D.N.Y. 2003) (same in context of misjoinder).

The Court does not find *Valenzuela* to be squarely on point. Unlike in *Valenzuela*, here there was no body of conflicting authority that would have suggested to Gallegos that it was appropriate for him to file a joint action with Tran. No party points to any other "extraordinary circumstance" that would have warranted application of equitable tolling under those circumstances. The need for extraordinary circumstances is all the more apparent in light of the authority, discussed previously, directly rejecting application of automatic tolling in the context of misjoinder: "When a court drops a defendant under Rule 21, that defendant is dismissed from the case without prejudice. When that occurs, the statute of limitations is not tolled because we treat the initial complaint <u>as if it never existed</u>." *DirecTV, Inc. v. Leto*, 467 F.3d 842, 845 (3d Cir. 2006) (internal citations and quotations omitted)(emphasis added); *see also Corley*, 316 F.R.D. at 293 (citing *DirecTV*). The Court concludes that if it had performed the requisite prejudice analysis, it likely would have concluded that severance, rather than dismissal, was

warranted.

But that does not end the inquiry. In order to revisit the underlying Dismissal Order, the Court must invoke Fed. R. Civ. P. 60(b), which provides: "On motion and just terms, the court may relieve a party ... from a final judgment ... for ... (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence ...; (3) fraud ... misrepresentation, or misconduct ...; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged ...; or (6) any other reason that justifies relief." A Rule 60(b) motion "must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1). The only plausible basis for relief from the Dismissal Order is Rule 60(b)(6). However, Rule 60(b)(6) is to be used sparingly as an equitable remedy to prevent injustice and is, like equitable tolling, to be utilized only where extraordinary circumstances exist. *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008). To justify relief there must be "both injury and <u>circumstances beyond [Gallegos'] control that prevented him from proceeding with the action in a proper fashion</u>." *Id*. (emphasis added).[2] Here, while Gallegos certainly has been injured, it is impossible for the Court to make the latter finding. Gallegos waited 48 days after the issuance of the Dismissal Order to re-file his suit. Had he re-filed at any time within the 24 day window that would have remained had equitable tolling applied to the period of time Gallegos' claims were pending in *Tran*, Gallegos could have argued (and this Court reasonably could have concluded) that this Court's failure to perform the required prejudice analysis, coupled with Defendant's representations in the context of the motion to dismiss/sever in *Tran*, *see, e.g.*, *Tran* Doc. 12 (requesting dismissal of Gallegos' claims "without prejudice to the institution of a new and separate lawsuit"), justified an assumption that equitable tolling did apply, thereby creating a basis for reconsideration under Rule 60(b)(6).

The closest thing to an excuse Gallegos offers is to argue that the Court, in its Dismissal Order, indicated that "Gallegos is free to file a new, separate lawsuit." Dismissal Order at 11. Gallegos argues

---

[2] Extraordinary circumstances, such as circumstances beyond the control of the party to be relieved of a judgment, are required in the context of *sua sponte* reconsideration under Rule 60(b). *Phayboun v. Sullivan*, No. CIV. S-90-225 EJGPAN, 1992 WL 247012, at *14 (E.D. Cal. Sept. 4, 1992)

7

that this instruction "did not put any time limit on the refiling." *Gallegos*, Doc. 9 at 2. Gallegos' suggestion that the Court's instruction eliminated all application of the statute of limitations cannot be countenanced. *See Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (petitioner's ignorance of the law and inability to correctly calculate the limitations period did not provide grounds for equitable tolling); *Ford v. Pliler*, 590 F.3d 782, 789 (9th Cir. 2009) (citing *Pliler v. Ford*, 542 U.S. 225 (2004)) (equitable tolling does not apply when courts do not warn pro se litigants about deadlines, unless courts affirmatively mislead parties). "Since all he had to do was refile the original complaint, merely deleting reference to his co-plaintiff's claims, it is not surprising that he is unable to come up with an excuse." *Elmore*, 227 F.3d at 1013. Accordingly, reconsideration of the Dismissal Order is inappropriate and the OSC is DISCHARGED.

Given that Gallegos re-filed his claims outside the statutory period by any measure of the deadline, his claims are time-barred. Gallegos' claims must be DISMISSED for failure to file within the statute of limitations WITHOUT LEAVE TO AMEND, as amendment would be futile.

### III. CONCLUSION

For the reasons set forth above:

(1) The OSC is DISCHARGED;

(2) Defendant's motion to dismiss the Complaint in *Gallegos* (Doc. 6) is GRANTED WITHOUT LEAVE TO AMEND; and

(3) The Clerk of Court is directed to CLOSE the Gallegos case file.

IT IS SO ORDERED.

    Dated:   **November 22, 2016**                    /s/ Lawrence J. O'Neill
                                                                      UNITED STATES CHIEF DISTRICT JUDGE